STATE OF VERMONT

ENVIRONMENTAL COURT

Vermont Environmental Board,
Plaintiff,                              }
                                        }
                                        }    Docket No. 78-6-01 Vtec
v                                       }
                                        }
                                        }
Amy Record, Respondent

**Decision and Order**

On May 17, 2001, the Vermont Environmental Board issued an administrative order pursuant to 10 V.S.A. ' 8008 regarding Respondent, who timely requested a hearing in Environmental Court. Respondent is represented by David L. Grayck, Esq.; and the Environmental Board is represented by its General Counsel, John H. Hasen, Esq. On July 13, 2001, the Court denied the motions to intervene filed by the Town of Fairlee, represented by Andrea L. Gallitano, Esq., and filed by Michael Moldaver, Patricia Hill, and Ralph and Patricia Royle, represented by Darrell Hotchkiss, Esq. The motions to intervene were denied without prejudice to their renewal, and the Court directed the principal parties to keep the prospective intervenors informed of any prospective settlements.

On November 21, 2001, the Board and Respondent filed an Assurance of Discontinuance[1], paragraph A of which provided that Respondent would not engage in any business or commercial activity at the property in Fairlee, Vermont that was the subject of the administrative order, without first obtaining an Act 250 permit if the activity constitutes a > development= or a > subdivision= under 10 V.S.A. ' 6001(3) and (19) and Environmental Board Rules 2(A) and 2(B).

Paragraph C of the Assurance allowed Respondent to continue to operate until no later than December 1, 2001, and required Respondent thereafter to Acease all hunting or other business or commercial operations@ at the property, including the activities described in paragraph 10 of the Assurance, by herself or others. It required her not to recommence A any business or any other commercial operations@ at the property until she has obtained A all required state, local and federal permits (if any).@ Paragraph D allowed her to construct a wastewater system for the lodge, in accordance with authorization from the Regional Engineer for the Agency of Natural Resources, in advance of obtaining an Act 250 permit.

Paragraph E allowed ARespondent or her associate, Steve Hill@ to A kill and market livestock or other animals at the Property and may also transport animals to and from the property; such killing or transportation shall be in a manner similar to that employed by farmers or other livestock breeders.@ Paragraph E also provided that A Nothing in this paragraph, however, shall relieve Respondent from compliance with any federal, state or local requirement, other than@ Act 250.

The Town and the following individuals: Michael Moldaver, Patricia Hill, Pam Oppenheimer, Mark Royle, Theresa Royle, Harold St. Peter, and Mary K. Harris, again moved to intervene, asserting their objections to the Assurance of Discontinuance as not being sufficiently protective of their interests in having Respondent comply with the local regulations applicable to the operations on Respondent= s property.

At a telephone hearing held on December 14, 2001, with Attorneys Hasen, Grayck, Gallitano and Hotchkiss, the Court granted the motions to intervene under 10 V.S.A. ' 8012(d) and V.R.C.P. 24(a)(2), finding that the interests of the Town and the interested parties in

Respondent=s compliance with local ordinances are not necessarily adequately represented by the Environmental Board, which is focused on achieving Respondent=s compliance with Act 250. The Court allowed the parties time to file memoranda on whether the Court should accept or modify the Assurance of Discontinuance; the last responsive memorandum was filed on January 3, 2002. A decision and order in the two municipal cases involving Respondent: Docket Nos. 114-7-01 and 167-10-01 Vtec is also issued today.

The principal parties agreed to certain of the changes suggested by the Town and the individual Intervenors, who in turn withdrew their objections to those paragraphs, as follows:

Paragraph K of the Assurance is amended to add the sentence: A This Assurance should not affect fines sought by the Town of Fairlee, nor any defenses which the Defendant may assert in opposition to the imposition of fines, in the matter of [Town of] Fairlee v. Record, Docket No. 114-7-01 Vtec.@

Paragraph I is amended to add the sentence: A Paragraph 10 of this assurance shall not prejudice or bind the Court in the matter of [Town of] Fairlee v. Record, Docket No. 114-7-01 Vtec and In re Appeal of Amy Record, Docket No. 167-10-01 Vtec.

The only remaining objection on the part of the Town pertains to Paragraph E of the Assurance, to which the individual Intervenors also object. The Board is correct that Paragraph E by its terms allows only Respondent and her associate Steve Hill and no others to kill and market livestock or other animals at the property and to transport animals to and from the property. They are required to do so in a manner similar to that employed by other livestock breeders or farmers, as the Board cannot regulate farming activities not regulated by Act 250. Therefore, the Court declines to modify Paragraph E of the Assurance.

The individual Intervenors also raise the objection that the perimeter fence installed on Respondent=s property may encroach on the property of Intervenor Theresa Royle, and that even where it does not encroach, it interferes with the passage and habits of wildlife that formerly had inhabited the vicinity. An Assurance of Discontinuance is a voluntary settlement of an enforcement action. The question of the neighbors= property rights may be enforceable in a quiet title or nuisance or trespass action in superior court, but unless it could have been the subject of the Board=s enforcement order, it cannot be required to be added to the Assurance.

<u>Order</u>

Accordingly, it is hereby ordered and adjudged that the Assurance of Discontinuance signed by Respondent on November 16, 2001, and filed with the Environmental Court on November 21, 2001, is hereby entered as an order of this Court, pursuant to 10 V.S.A. ' 8007(c) and V.R.C.P. 76(b). This Order concludes the above-captioned Administrative Order case.

Done at Barre, Vermont, this 15th day of February, 2002.


_____
Merideth Wright
Environmental Judge

**Footnote**

[1]  The Assurance was enforceable as between the signatory parties as of that date, but did not become an order of the Court until the present order.